IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SHELLY WILKINSON | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-230 |
| | | (1:18-CR-87(9)) |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant, Shelly Wilkinson, a federal prisoner currently confined at FPC Pekin, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural Background

By way of a Third Superseding Indictment entered June 5, 2019, Movant and six co-defendants, were charged with Conspiracy to Possess with the Intent to Distribute and Distribution of a Controlled Substance (Methamphetamine "actual") in violation of 21 U.S.C. § 846 (Count One).[1] *United States v. Wilkinson*, 1:18-CR-87(9) (doc. #137). On October 1, 2019, Movant entered into a written plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), in which she agreed to plead guilty to Count One of the Third Superseding Indictment (doc. #257). In the agreement, the parties stipulated that a sentence of 120 months was appropriate. *Id.*, pg. 2.[2] The plea agreement included the following waivers:

---

[1] In Count Two, two of those co-defendants were also charged with Conspiracy to launder Monetary Instruments in violation of 18 U.S.C. § 1956(h) & (i).

[2] The range of punishment was a period not less than 10 years, and not to exceed life. *Id.*

10.     **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**:

Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the failure of the Court, after accepting this agreement, to impose a sentence in accordance with the terms of the agreement. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

*Id*., pgs. 5-6. Additionally, the plea agreement stated:

12.     **REPRESENTATION OF COUNSEL**:

The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

*Id*., pg. 6. Movant stated, "I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it." *Id*., pg. 7.

A change of plea hearing was held on October 1, 2019, at which time Movant confirmed she understood the rights she was waiving, the terms and nature of the Rule 11(c)(1)(C) agreement, the appellate waiver, and that no one had coerced her into pleading guilty (doc. #452). Magistrate Judge Hawthorn concluded that Movant's guilty plea was knowing and voluntary, and recommended the district court accept the guilty plea. *Id*.

A Presentence Report ("PSR") was prepared, noting the agreed-upon term of 120 months imprisonment (doc. #340). Trial counsel had no objections (doc. #343).

On June 24, 2020, the district court conducted a sentencing hearing in which Movant confirmed that she fully understood the PSR and had no "comments, additions, or corrections" (doc. #451). The court accepted the Plea Agreement and sentenced Movant to 120 months imprisonment, five years supervised release, and a $100 special assessment (doc. #382). Movant did not file a

direct appeal.

## The Motion

Movant filed the above-referenced motion to vacate, set aside or correct sentence on May 11, 2021. *Wilkinson v. United States*, 1:21-CV-230 (doc. #1). Movant alleges the following:

1. Ineffective assistance of counsel for failing to inform Movant of her right to appeal;

2. Ineffective assistance of counsel for failing to consider the "safety valve" or Movant's "role" in the conspiracy;

3. Ineffective assistance of counsel for failing to challenge the drug for its purity and the amount attributed to Movant; and

4. Ineffective assistance of counsel for failing to advise Movant that she would be agreeing to an 11(c)(1)(C) plea agreement as Movant was unaware of what that meant.

*Id*.

Respondent was ordered to Show Cause on May 18, 2021 (doc. #2) and filed a Response on July 14, 2021 (doc. #5). Respondent argues (1) the record does not support Movant's assertion that she was not informed of her right to appeal, (2) counsel could not be ineffective as Movant does not allege that her attorney failed to follow any express instructions by her to file a notice of appeal, (3) counsel could not be ineffective as Movant was considered for a safety valve reduction, but failed to satisfy all the elements, (4) counsel could not be ineffective for failing to challenge the drug amounts and purity as Movant stipulated to both as part of the factual basis and stipulation and her plea agreement, and (5) the record does not support Movant's assertion she was uninformed about parameters of an 11(c)(1)(C) plea agreement. Movant has yet to file a Reply.

## Section 2255

The first paragraph of 28 U.S.C. § 2255 sets out the claims which are cognizable under the statute. These are: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack.

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgression of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 33, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1995). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

Analysis

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced Movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.; United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided

reasonably effective assistance, Movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Mere allegations of prejudice are insufficient; movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

    **1.      Voluntariness of 11(c)(1)(C) Plea Agreement**

Movant states trial counsel did not advise her that she was agreeing to an 11(c)(1)(C) plea agreement and was unaware of what that meant exactly. Specifically Movant alleges trial counsel never told her that her guilty plea was to a "binding" sentence of a "mandatory minimum" of 120 months. As a result, Movant complains the plea agreement made her "'ineligible' for any drug laws that could reduce [her] sentence." In addition, Movant contends that her trial counsel failed to inform her of her right to appeal and, as a result, Movant did not file an appeal after sentencing. This is, in essence, a challenge to the voluntariness of the plea and waiver of appeal.

"When a defendant pleads guilty he or she . . . forgoes not only a fair trial, but also other accompanying constitutional guarantees." *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *accord Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). For example, with an informed and voluntary waiver, a defendant may waive his right to pursue claims in a motion to vacate or on appeal. *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam). Because a plea relinquishes rights of the defendant, "the Constitution insists, among other things, that the defendant enter a guilty plea that is "voluntary" and that the defendant must make related waivers 'knowing[ly], intellligent[ly], [and] with sufficient awareness

5

of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Ordinarily, a waiver is entered knowingly, intelligently, and with sufficient awareness when "the defendant fully understands the nature of the right and how it would likely apply in general circumstances-even though the defendant may not know the specific detailed consequences of invoking it." *Id*. at 630. With "respect to a defendant's awareness of relevant circumstances, [the Constitution] does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor." *Id*.

Nevertheless, a plea induced by threats, improper promises, deception, or misrepresentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n. 22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id*. at 78 (Stevens, J.,

concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his or her plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Federal Rule of Criminal Procedure 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *Id*. at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749).

> When examining the totality of the circumstances, a reviewing court should "consider the complexity of the charge, the defendant's level of intelligence, age and education, whether the defendant was represented by counsel, the judge's inquiry during the plea hearing and the defendant's statements, as well as the evidence proffered by the government."

*United States v. Cross*, 57 F.3d 588, 591 (7th Cir. 1995) (citations omitted). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981). Furthermore, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to

the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (quoting *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

In addition, prisoners who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations " made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Here, the record evidence indicates that Movant's plea and waiver were both knowing and voluntary. As previously outlined, Movant's signed 11(c)(1)(C) Plea Agreement contains an express waiver of her right to appeal or seek relief under § 2255 with limited exceptions. Furthermore, at the change of plea hearing, the following exchange took place:

> THE COURT: This is an 11(c)(1)(C) plea agreement, otherwise known as a binding plea agreement. The way this works is if Judge Crone accepts this Plea Agreement, she's required to sentence you to what you've agreed to hear [sic] in paragraph 4. So she would be required to sentence you to a term of imprisonment of 120 months.
>
> Now she doesn't know whether or not to accept this Plea Agreement because she doesn't know anything about you and she doesn't know anything about this case.
>
> So what'll happen is a Pre-sentence Report will be prepared. You'll get a copy of it. Mr. Roberts will get a copy of it. And Mr. Rapp will get a copy of it, the Prosecutor.
>
> You'll have a few weeks to go over that together and file any objections you think are necessary to that Pre-sentence Report.
>
> At that – after that period of time is over, then you'll get – excuse me, Judge Crone will get a final copy of the Pre-sentence Report.
>
> Her chambers will set the case for sentencing. And, at sentencing, she'll let you know whether or not she accepts the Plea Agreement. Like I said, if she accepts the Plea Agreement, she's required to sentence you to 120 months.

>   Now if for whatever reason she decides to reject this Plea Agreement, then at that time, you'd have the right to withdraw your guilty plea, change it to not guilty, and have a jury trial in this case. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that if she rejects this Plea Agreement, but you still persist in your guilty plea, then the outcome of your case may not be as favorable to you as what's called for by this current Plea Agreement. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay. Next, let's look at paragraph 10 on page 5 continuing to page 6. Paragraph 10 states that except as otherwise provided, you've expressly waived your right to appeal your conviction, sentence, fine, order of restitution or forfeiture in this case on all grounds.
>
>   You further agree not to contest those matters in any post-conviction proceeding. You've only reserved your right to appeal two things, the failure of the Court after accepting this agreement to impose a sentence in accordance with the terms of Plea Agreement. If she fails to do that, you could appeal that.
>
>   And second, a claim of ineffective assistance of counsel.
>
>   Ms. Wilkinson, do you understand that by entering into this Plea Agreement, if it's accepted, you'll have waived or give up your right to appeal or challenge all those matters set forth in that paragraph, except for those two very limited exceptions there at the bottom?
>
> THE DEFENDANT: Yes, sir.

Change of Plea Hearing Transcript, pgs. 10-12 (doc. #452).[3] The record in this case demonstrates

---

[3] At sentencing, the district court also advised Movant of her appellate rights:

> Court:  You have a right to appeal your conviction if you believe you guilty plea was somehow unlawful or involuntary or if there was other fundamental defects in the proceedings that was not waived by your guilty plea. You have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law.
>
>   A defendant, however, may waive those rights as part of a Plea Agreement; and you've entered into a Plea Agreement which waives certain rights to appeal your conviction and sentence. With the exception of the reservation of the right to appeal on specified grounds set forth in the Plea Agreement, you've waived any appeal, including collateral appeal, of any error which may have occurred surrounding the substance, procedure, or form of the conviction and sentence in this case. Such waivers are generally enforceable; but if you believe the waiver is unenforceable, you can present that theory to the appellate court.
>
>   With few exceptions, any notice of appeal must be filed within 14 days of

that Movant's current assertions are directly contradicted by her assertions made in open court at the time of her plea and sentencing. Movant's current assertions otherwise do not compel the conclusion that her plea or waiver was either unknowing or involuntary. Movant has provided insufficient support for her claim against trial counsel. "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceeding.'" *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison*, 431 U.S. at 73-74. In light of the statements Movant made as part of the plea agreement and the statements Movant made in open court at the change of plea and sentencing hearings, it cannot be concluded that Movant's plea was involuntary or unknowingly entered. Accordingly, movant has failed to show deficient performance on the part of trial counsel relating to his claim. Movant's claims that her plea and waiver were involuntary lacks merit.

### 2. Duty to Consult on Appeal

The law is clear that "[t]he failure to file a requested notice of appeal is ineffective assistance of counsel even without a showing that the appeal would have merit." *United States v. Alvarez*, 172 F. App'x 587, 588 (5th Cir. 2006) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). To establish prejudice, a defendant must demonstrate only that there is a reasonable probability that but for counsel's failure, he would have appealed. *Flores-Ortega*, 528 U.S. at 486. As argued by Respondent, however, Movant here does not allege that her trial counsel failed to follow any express instructions by her to file a notice of appeal. The question that remains then, is whether trial counsel had a constitutional duty to consult with Movant about an appeal.

In *Flores-Ortega*, the Supreme Court held that counsel has a constitutionally imposed duty to consult with a defendant about an appeal when there is reason to think: "(1) that a rational

---

judgment being entered in your case. If you are unable to pay the cost of appeal, you may apply for leave to appeal *in forma pauperis*. If you so request, the Clerk of Court will prepare and file a Notice of Appeal on your behalf.

Sentencing Transcript, pgs. 7-9 (doc. #451).

defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480.

> In making this determination, courts must take into account all the information counsel knew or should have know. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleas guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id*.

In the present case, and as previously stated, Movant does not allege that counsel failed to follow any express instructions by her to file a notice of appeal. She merely alleges counsel failed to advise her on her right to appeal which is belied by the record. The present record, however, establishes that no rational defendant would want to appeal under these circumstances. Movant does not allege, and the record does not show, any nonfrivolous grounds for appeal. Movant received the 120 month term sentence she bargained for, waiving her right to appeal her conviction or sentence "on all grounds" with the exception of two limited circumstances: (1) if the sentence imposed exceeded the statutory maximum or (2) claims of ineffective assistance of counsel. Here, Movant's 120 month sentence, the minimum sentence, clearly did not exceed the statutory maximum. Nor is there any rational basis for Movant to bring an ineffective assistance of counsel claim on appeal. It is well known in the Fifth Circuit that the preferred way to bring claims of ineffective assistance of counsel is through a § 2255 proceeding, which Movant has done. *Massaro v. United States*, 538 U.S. 500, 504 (203) ("A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations."); *United States v. Blanco-Rodriguez*, 755 F. App'x 339, 341 (5th Cir. 2018) (the favored forum for a claim of ineffective assistance of counsel is in a § 2255 proceeding). Movant

fails to address, let alone present evidence on, the *Flores-Ortega* elements. Movant has thus failed to show that her attorney had a duty to consult with her about an appeal. She has failed to satisfy either prong of *Strickland* and this claim should be denied.

### 3. Safety Valve/Role in Conspiracy

Movant complains that trial counsel was ineffective as she was not considered for a "safety valve" or her "role" in the conspiracy. The court liberally construes this as a claim that counsel was ineffective for failing to object to the PSR on this basis. The record reveals, however, that Movant was considered for a safety valve reduction, but failed to satisfy all the elements of U.S.S.G. § 5C1.2, and was thus ineligible for the reduction. PSR, § 17, 1:18-CR-87 (doc. #350). In addition, the PSR states that "although this offense involves more than one defendant, nothing was discovered during the course of the investigation to suggest this defendant's conduct warrants a mitigating or aggravating role adjustment." PSR, ¶ 19. Movant offers no evidence supporting her after-the-fact assertion that she should have received a reduction of any sort. Regardless, any such objection would have been frivolous; counsel cannot be ineffective for failing to argue meritless objections. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). Movant has failed to show deficient performance and prejudice, and this claim lacks merit.

### 4. Drug Purity and Amount Attributed to Movant

Movant alleges trial counsel was ineffective as he failed to challenge the drug (methamphetamine) for its purity and the amount attributed to Movant. This claim is wholly without merit. In the factual basis supporting the 11(c)(1)(C) plea agreement, Movant stipulated to the drug amounts and purity for which she was responsible as part of the conspiracy. Factual Basis & Stipulation, pg. 2, 1:18-CR-87 (doc. #256). Movant offers no explanation as to how this stipulation was inaccurate nor how, if challenged, this would have affected the outcome of her case. Counsel, again, cannot be ineffective for failing to argue a frivolous point and this claim should be denied. *Clark*, 19 F.3d at 966.

Recommendation

This motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 should be denied.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 16th day of May, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE